UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 99-6153-CR-MOORE/TORRES

UNITED STATES OF AMERICA,

     Plaintiff,

v.

FERNANDO ANTONIO ESQUIVIA SOTELO,

     Defendant.

_____/

**REPORT AND RECOMMENDATION ON DEFENDANT'S
MOTION TO DISMISS INDICTMENT**

This matter is before the Court on Defendant Fernando Antonio Esquivia Sotelo's ("Defendant") Motion to Dismiss Indictment Because of Post-Indictment Delay [D.E. 2088] and the government's Response thereto [D.E. 2090].[1]  Having reviewed the motion, the response, and the file, and being fully advised in the premises, we recommend that Defendant's motion to dismiss the indictment be Granted for the following reasons.

1.     On September 30, 1999, Defendant was indicted on drug-related and money-laundering charges [D.E. 46] and a warrant for his arrest was issued [D.E. 53]. The fourth (and final) superseding indictment was returned on November 18, 1999. [D.E. 106].  Defendant was deemed a fugitive in August 2000.  [D.E. 249].

---

[1]     This matter was referred to the undersigned Magistrate Judge by the Honorable K. Michael Moore.  [D.E. 2083].

2.      Defendant was arrested in this case in California on May 19, 2012. [D.E. 2071]. Thus, approximately twelve and a half (12 ½) years passed between the date on which Defendant was indicted and the warrant issued for his arrest, and his arrest.

3.      In moving to dismiss the indictment, Defendant alleges that the post-indictment delay is completely attributable to the government and that his Sixth Amendment right to a speedy trial has been violated as a result of this delay.

4.      After reviewing its records and other information, the government concedes that Defendant's motion is well-founded. According to the prosecutor, there are no records or other indications that the efforts made to apprehend Defendant after his indictment in 1999 were sufficient to meet legal standards that have developed as a consequence of *Barker v. Wingo*, 407 U.S. 514 (1972), and *Doggett v. United States*, 505 U.S. 647 (1992), both of which dealt with a defendant's constitutional right to a speedy trial. Additionally, the government states that driver's licenses were issued to Defendant in both states in which he resided after his indictment and prior to his arrest, and there is no evidence that Defendant was in hiding or deliberately concealing his whereabouts. Accordingly, the government acknowledges that with diligent inquiries, it is highly probable that federal authorities could have located and arrested Defendant in much less time than the dozen–plus years that elapsed since his indictment. *See, e.g., United States v. Ingram*, 446 F.3d 1332, 1338-40 (11th Cir. 2006) (holding that the defendant's constitutional right to a speedy trial was violated and reversing with instructions to dismiss the indictment; concluding that the two-year post-indictment delay was "intolerable" "[c]onsidering the crime for which [the

defendant] was indicted, the state of the proof against him on the date of the indictment, and the Government's knowledge of [his] whereabouts[;]" the court found no reasonable explanation for the government's neglect in executing the arrest warrant where the agent responsible for effecting the arrest had sufficient information to do so, knew where the defendant lived and worked and that the defendant's brother was a local police officer, yet failed to visit the defendant's place of employment where he had originally interviewed the defendant; went to the defendant's residence only once and, when the defendant was not there, relied on an unidentified person outside the residence who said the defendant did not live there any more; failed to contact the defendant's brother; and never referred the case to any other law enforcement agency); *United States v. Mendoza*, 530 F.3d 758, 762-65 (9th Cir. 2008) (reversing for dismissal of indictment because the eight-year delay between indictment and arrest violated the defendant's Sixth Amendment speedy-trial right; holding that the delay was attributable to the government's negligence where the defendant left the U.S. during an on-going investigation into possible tax fraud but prior to the date of his indictment; the agent in charge of the investigation made no effort to inform the defendant of the indictment even though he had telephone numbers for the defendant's wife and his relatives who lived in the Philippines; there is no evidence that the defendant kept his whereabouts unknown; and the government simply put out a warrant on the law enforcement database so the defendant would be detained upon his return to the U.S.; the government's failure to pursue the defendant with due diligence created a strong

presumption of prejudice which the government failed to rebut, warranting dismissal of the indictment).

Based on the foregoing, the undersigned Magistrate Judge hereby **RECOMMENDS** that Defendant Fernando Antonio Esquivia Sotelo's Motion to Dismiss Indictment Because of Post-Indictment Delay [D.E. 2088] be **GRANTED**.

Pursuant to Local Magistrate Rule 4(b), and in light of the imminent trial date, the parties have until **October 17, 2012** in which to serve and file written objections, if any, with the Honorable K. Michael Moore, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein. *R.T.C. v. Hallmark Builders, Inc.,* 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (en banc); 28 U.S.C. § 636(b)(1).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 12th day of October 2012.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge